UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DENISE MARTIN                                          CIVIL ACTION

VERSUS                                                 NO. 09-0661

WILLSTAFF, INC.                                        SECTION F

ORDER

Local Rule 7.4 of the Middle District of Louisiana requires that any memoranda in opposition to a motion be filed twenty-one days after service of the motion. No memorandum in opposition to the defendant's motion to enforce the settlement, which was served on plaintiff January 16, 2013, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] This case arises from alleged employment discrimination.
On August 19, 2009, Denise Martin sued Willstaff, Inc. in this Court, alleging violations under the Family Medical Leave Act. Before Ms. Martin filed this federal lawsuit, Willstaff had sued Ms. Martin in state court in December 2008, seeking a declaratory judgment, temporary restraining order, and injunctive relief against plaintiff for violation of her contract's noncompete clause. The state court subsequently granted defendant a temporary restraining order and preliminary injunction.
In June 2009, again, before the filing of this federal lawsuit, the parties reached an amicable resolution of their state lawsuit and agreed to settle the matter. The settlement agreement specifically states that plaintiff released defendant from any and all claims and rights of action arising from FMLA and other employment-related statutes. On June 16, 2009, counsel for defendant sent the settlement documents to plaintiff's counsel for plaintiff to execute the settlement agreement. Plaintiff's counsel acknowledged that plaintiff possessed all of the settlement paperwork and consent judgment, but had given it to her bankruptcy

1

attorney so that he may include it in the bankruptcy proceeding. On December 2, 2009, plaintiff filed Chapter 13 bankruptcy.

In February 2010, a status conference was scheduled to be held in the state court case. The parties acknowledged that a settlement had been reached, but noted that the bankruptcy matter was complicating the settlement. Both parties, however, agreed that a status conference was not needed. As a result, the parties notified the state court that they had resolved the case and that the upcoming status conference was not necessary. The parties also informed the state court that a joint motion to release the bond would be filed shortly. On February 9, 2010, defendant filed an unopposed motion for release of plaintiff's bond, requesting that the $15,000 surety bond be released because the parties had reached a resolution in the case.

On March 11, 2010, a scheduling conference was held in the federal lawsuit. Again, both parties explained that a settlement had been reached but plaintiff's bankruptcy was complicating the matter. To date, plaintiff has failed to execute the settlement documents despite repeated communications from the defendant. Defendant now moves the Court to enforce the settlement agreement.

Fifth Circuit precedent indicates that a binding settlement agreement exists when there is a manifestation of mutual assent, usually in the form of an offer and an acceptance. See, e.g., Courtney v. Andersen, 264 F. App'x 426, 430 (5th Cir. 2008); McCardell v. Verizon Wireless Tex., LLC, No. 09-1419, 2011 WL 841519, at *2 (S.D. Tex. June 16, 2011); Turner Marine Fleeting, Inc. v. Quality Fab & Mech., Inc., No. 02-0091, 2002 WL 31819199, at *4 (E.D. La. Dec. 13, 2002). "If a party to a [federal] suit who has previously authorized a settlement changes his mind when presented with the settlement documents, that party remains bound by the terms of the agreement." Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207, 1209 (5th Cir. 1981).

Here, the plaintiff has been represented by an attorney of his choosing throughout the entire course of settlement negotiations and, therefore, the settlement agreement is presumptively informed, willing, and valid. See Gautreaux v. Apache Corp., No. 07-5653, 2011 WL 2637275, at *2 (E.D. La. Mar. 4, 2011). An attorney of record is "presumed to have authority to compromise and settle litigation of his client." Mid-South Towing Co. v. Har-Win, Inc., 723 F.2d 386, 390 (5th Cir. 1984) (internal quotation marks ommitted). Plaintiff's counsel in this case communicated to the defendant that plaintiff had accepted defendant's settlement offer. Plaintiff did not change her mind until after she received the settlement papers and after the defendant had notified the court and canceled its bond. Therefore, the plaintiff is bound by the terms of the agreement. See, e.g., Fulgence, 662 F.2d at 1209;

IS ORDERED that the defendant's motion to enforce the settlement is GRANTED as unopposed.

New Orleans, Louisiana, February 6, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

McCardell, 2011 WL 841519, at *2 ("Although Plaintiff ultimately refused to sign a written settlement agreement, her lawyer's communication of her agreement to defense counsel binds Plaintiff."); Lopez v. Kempthorne, No. 07-1534, 2010 WL 4639046, at *4 (S.D. Tex. Nov. 5, 2010) ("If a party knowingly and voluntarily enters into a settlement, the agreement will not be voided because that party changes his mind later."); Lege v. Wal-Mart La. LLC, No. 07-1694, 2009 WL 5195949, at *4 (W.D. La. 2009) (noting that the plaintiff failed to advance a reason for refusing to execute the settlement documents other than he changed his mind after his offer had been accepted, and cited no authority for the proposition that changing one's mind renders an otherwise valid settlement agreement unenforceable).
    Accordingly, the Court orders enforcement of the settlement agreement and dismisses plaintiff's claim.